UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JAMES DARNELL LARK                                                       PETITIONER

v.                                          CIVIL ACTION NO. 5:15CV-P99-TBR

LEIVEE LEVEL                                                           RESPONDENT

### MEMORANDUM OPINION AND ORDER

Petitioner James Darnell Lark filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also filed a motion to proceed without prepayment of fees (DN 3). Upon consideration, the motion (DN 3) is **GRANTED**.

Lark is presently incarcerated in the Christian County Jail awaiting trial on various Kentucky state-court charges. In his petition, he complains of various deficiencies with the attorney representing him in his state criminal case. Lark states that he has not filed a motion to dismiss his counsel, but has verbally addressed the problem with judges in Logan and Christian County. The relief he seeks is "[t]hat [he] be granted a new attorney to represent [his] defense, and to give [him] some type of confidence when [he] walk[s] into a courtroom."

Title 28 United States Code § 2241(c) states, in relevant part, as follows:

> The writ of habeas corpus shall not extend to a prisoner unless- (1) He is in custody under or by color of the authority of the United States . . . ; (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c). In the present case, Lark is not in custody under the authority of the United States nor is he in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States. Further, he does not contend that he is in custody in violation of the Constitution or laws or treaties of the United

States.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Peyton v. Rowe*, 391 U.S. 54, 58 (1968) ("The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny.").  Lark is not challenging the legality of his custody nor does he seek release from custody.  Therefore, a writ of habeas corpus is not available to him, and his petition for such will be denied.

Lark seeks a new attorney to defend him in his state criminal proceedings, relief not available to him through a writ of habeas corpus.  He may obtain better results by filing a motion seeking a new attorney in his pending state criminal case.

## Certificate of Appealability

Before Lark may appeal this Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

For the reasons stated herein, the Court will deny the § 2241 petition and dismiss this action.

Date:

cc: Petitioner, *pro se*
    Christian County Attorney
4413.003